IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERT NAPIER, on behalf of himself and others similarly situated, | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14–cv– |
| KAWASAKI MOTORS CORP., U.S.A. KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, **Bert Napier**, on behalf of himself and others similarly situated, by and through his attorneys, **Becker, Paulson, Hoerner & Thompson, P.C.**, and for his Class Action Petition pursuant to Fed.R.Civ.P. 23, states as follows:

**The Parties**

1. Plaintiff at all times relevant, was a Missouri resident living at 128 Country Club Parc Court, Imperial, Missouri 63052.

2. Defendant, Kawasaki Motors Corp., headquartered in Irvine, California, at all times relevant was a Delaware corporation doing business in Missouri.

3. Defendant, Kawasaki Motors Manufacturing Corp., headquartered in Lincoln, Nebraska, at all times relevant was a Nebraska corporation doing business in Missouri.

## Nature of the Action

4. In this action, Plaintiff, on behalf of himself and all others similarly situated, seeks relief as a result of Defendants' defective manufacture and design of its Vulcan 1700 series motorcycles.

## Jurisdiction and Venue

5. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over the parties as the Plaintiff resides within the District, Defendants are both headquartered and incorporated in foreign states, and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

6. This Court has personal jurisdiction over Defendants, because Defendants, regularly and purposefully direct their business activities in Missouri and towards Missouri residents.

7. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) in that: a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## Facts Relevant to All Counts

8. Class Plaintiff, Bert Napier, bought a Kawasaki Vulcan 1700 series motorcycle from S & S Kawasaki in Crystal City, Missouri on October 6, 2011.

## Class Action Allegations

9. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all others similarly situated, as representative of the following class:

   > All persons who purchased a Kawasaki Vulcan 1700 series motorcycle who, while having properly maintained said motorcycle unmodified, experience intolerable levels of heat while operating said motorcycle under normal conditions to such an extent as to make said motorcycle unfit for ordinary use.

10. Plaintiff is a member of the class he seeks to represent.

11. The particular members of each Class are capable of being described without difficult managerial or administrative problems. The members of each Class are readily identifiable from the information and records in possession or control of Defendants.

12. On information and belief, each Class consists of hundreds if not thousands of consumers and therefore each Class is so numerous that joinder is impracticable.

13. Plaintiff's claims are typical of those in the Class and are based on the same legal and factual theories.

14. There are numerous questions of law and fact common to each Class which predominate over any questions affecting only individual class members, and, in fact, the wrongs suffered and the remedies sought by Plaintiff and other members of the Classes are premised upon the negligence of the Defendant. The principal common issues include, but are not limited to the following:

   a. Whether Defendant knew or should have known of the design defect in the Kawasaki Vulcan 1700 series motorcycles, which caused heat to be released in such an amount as to render the motorcycle virtually unable to be driven.

15. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiff has suffered injury from the negligence complained of and is ready, willing, and able to serve as class representatives. Furthermore, Plaintiff's counsel is experienced in handling class actions and actions involving unlawful commercial practices and consumer protection violations. Neither Plaintiffs nor their counsel has any interest that might cause them not to vigorously pursue this action.

16. Certification of the proposed Class under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that the Plaintiffs and the Members of the Class seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class Members' claims and economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual members of each Class are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against the Defendants.

17. Alternatively, certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(1) is appropriate in that inconsistent or varying adjudications

with respect to individual members of each Class would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of each Class as a practical matter would be dispositive of the interests of the other Members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

### Count I – Breach of Implied Warranty of Merchantability
### (Kawasaki Motors Corp., U.S.A.)

18. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

19. Defendant Kawasaki Motors Corp., U.S.A., manufactured and/or designed the Kawasaki Vulcan 1700 series motorcycles.

20. Defendant Kawasaki Motors Corp., U.S.A., is a merchant in that Defendant deals in the sale and manufacture of motorcycles.

21. Plaintiff purchased his Kawasaki Vulcan 1700 series motorcycle from S & S Kawasaki, an authorized Kawasaki retailer, in Crystal City, Missouri, on October 6, 2011.

22. At the time the Plaintiff purchased his Kawasaki Vulcan 1700 series motorcycle, the motorcycle was not fit for the ordinary purpose for which such goods are used as the motorcycle gives off excessive heat in such amounts as to render the motorcycle virtually unusable.

23. The Plaintiff was damaged as the design defect that causes the Kawasaki Vulcan 1700 series motorcycles to give off excessive heat renders the motorcycle dangerous and almost valueless.

24. The devaluation of the motorcycle at the time of sale was a direct result of the motorcycle's excessive heating defect.

25. The Defendant was put on notice as to the Kawasaki Vulcan 1700 series motorcycles' excessive heat defect.

26. In early 2010, Kawasaki Motors Corp., U.S.A., offered Heat Shield Kits, to be installed at their expense, in an attempt to alleviate the excessive heat problems caused by the Kawasaki Vulcan 1700 series motorcycles' defective design.

27. The Heat Shield Kits offered by Kawasaki Motors Corp., U.S.A., do not adequately resolve the excessive heat issue caused the Kawasaki Vulcan 1700 series motorcycles' defective design.

WHEREFORE, Plaintiff prays for judgment against Defendants Kawasaki Motors Corp., U.S.A. and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

### Count II – Breach of Implied Warranty of Merchantability
### (Kawasaki Motors Manufacturing Corp., U.S.A.)

28. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

29. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., manufactured and/or designed the engines for the Kawasaki Vulcan 1700 series motorcycles.

30. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., is a merchant in that Defendant deals in the sale and manufacture of motorcycle engines.

31. Plaintiff purchased his Kawasaki Vulcan 1700 series motorcycle from S & S Kawasaki, an authorized Kawasaki retailer, in Crystal City, Missouri, on October 6, 2011.

32. At the time the Plaintiff purchased his Kawasaki Vulcan 1700 series motorcycle, the motorcycle was not fit for the ordinary purpose for which such goods are used as the motorcycle's engine gives off excessive heat in such amounts as to render the motorcycle virtually unusable.

33. The Plaintiff was damaged as the design defect that causes the Kawasaki Vulcan 1700 series motorcycle engines to give off excessive heat renders the motorcycle dangerous and almost valueless.

34. The devaluation of the motorcycle at the time of sale was a direct result of the motorcycle engine's excessive heat defect.

35. Kawasaki Motors Manufacturing Corp., U.S.A., was put on notice as to the Kawasaki Vulcan 1700 series motorcycle engines' excessive heat defect.

36. In early 2010, Kawasaki Motors Manufacturing Corp., U.S.A., offered Heat Shield Kits, to be installed at their expense, in an attempt to alleviate the excessive heat problems caused by the Kawasaki Vulcan 1700 series motorcycle engines' defective design.

37. The Heat Shield Kits offered by Kawasaki Motors Manufacturing Corp., U.S.A., do not adequately resolve the excessive heat issue caused the Kawasaki Vulcan 1700 series motorcycle engines' defective design.

WHEREFORE, Plaintiff prays for judgment against Defendants Kawasaki Motors Manufacturing Corp., U.S.A. and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

### Count III – Negligent Design
### (Kawasaki Motors Corp., U.S.A.)

38. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

39. Defendant Kawasaki Motors Corp., U.S.A., manufactured and/or designed the Kawasaki Vulcan 1700 series motorcycles.

40. The engines in the Kawasaki Vulcan 1700 series motorcycles had a specific defect in that the motorcycles give off excessive heat in such amounts as to render the motorcycle virtually unusable.

41. Defendant Kawasaki Motors Corp., U.S.A., had a duty to use ordinary care to manufacture and/or design the Kawasaki Vulcan 1700 series motorcycles to be reasonably safe and fit for the ordinary purpose for which such goods are used.

42. Defendant Kawasaki Motors Corp., U.S.A., failed to use ordinary care to manufacture and/or design the Kawasaki Vulcan 1700 series motorcycles to be reasonably safe and fit for the ordinary purpose for which such goods are used.

43. The Plaintiff was damaged as a direct result of Defendant Kawasaki Motors Corp., U.S.A., negligent manufacture and/or design of the Kawasaki Vulcan 1700 series motorcycles.

WHEREFORE, Plaintiff prays for judgment against Defendant Kawasaki Motors Manufacturing Corp., U.S.A., and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

### Count IV – Negligent Design
### (Kawasaki Motors Manufacturing Corp., U.S.A.)

44. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

45. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., manufactured and/or designed the engines for the Kawasaki Vulcan 1700 series motorcycles.

46. The engines in the Kawasaki Vulcan 1700 series motorcycles had a specific defect in that the motorcycles, and more specifically the engines in the motorcycles, give off excessive heat in such amounts as to render the motorcycle virtually unusable.

47. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., had a duty to use ordinary care to manufacture and/or design the Kawasaki Vulcan 1700 series motorcycle engines to be reasonably safe and fit for the ordinary purpose for which such goods are used.

48. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., failed to use ordinary care to manufacture and/or design the Kawasaki Vulcan 1700 series motorcycle engines to be reasonably safe and fit for the ordinary purpose for which such goods are used.

49. The Plaintiff was damaged as a direct result of Defendant Kawasaki Motors Manufacturing Corp., U.S.A.'s, negligent manufacture and/or design of the Kawasaki Vulcan 1700 series motorcycle engines.

WHEREFORE, Plaintiff prays for judgment against Defendant Kawasaki Motors Manufacturing Corp., U.S.A., and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

### Count V – Failure to Warn
### (Kawasaki Motors Corp., U.S.A.)

50. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

51. Defendant Kawasaki Motors Corp., U.S.A., manufactured and/or designed the Kawasaki Vulcan 1700 series motorcycles.

52. Defendant Kawasaki Motors Corp., U.S.A., sold the Kawasaki Vulcan 1700 series motorcycles in the course of its business.

53. The Kawasaki Vulcan 1700 series motorcycles had a specific defect in that the Kawasaki Vulcan 1700 series motorcycles give off excessive heat in such amounts as to render the motorcycle virtually unusable and dangerous when put to the reasonably expected use.

54. Defendant Kawasaki Motors Corp., U.S.A., had no reason to believe that the Plaintiff would realize the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycles.

55. Defendant Kawasaki Motors Corp., U.S.A., knew, or by using ordinary care should have known of the dangerous condition of the Kawasaki Vulcan 1700 series motorcycles.

56. Defendant Kawasaki Motors Corp., U.S.A., had a duty to warn the Plaintiff of the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycles.

57. Defendant Kawasaki Motors Corp., U.S.A., failed to warn the Plaintiff of the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycles.

58. The Plaintiff was damaged as a direct result of Defendant Kawasaki Motors Corp., U.S.A.'s failure to warn of the Kawasaki Vulcan 1700 series motorcycles' excessive heat defect.

WHEREFORE, Plaintiff prays for judgment against Defendant Kawasaki Motors Manufacturing Corp., U.S.A., and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

### Count VI – Failure to Warn
### (Kawasaki Motors Manufacturing Corp., U.S.A.)

59. Plaintiff hereby incorporates by reference all previously pled paragraphs as if fully set forth herein.

60. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., manufactured and/or designed the engines for the Kawasaki Vulcan 1700 series motorcycles.

61. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., sold the Kawasaki Vulcan 1700 series motorcycle engines in the course of its business.

62. The Kawasaki Vulcan 1700 series motorcycle engines had a specific defect in that the Kawasaki Vulcan 1700 series motorcycle engines give off excessive heat in such amounts as to render the motorcycle virtually unusable and dangerous when put to the reasonably expected use.

63. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., had no reason to believe that the Plaintiff would realize the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycle engines.

64. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., knew, or by using ordinary care should have known of the dangerous condition of the Kawasaki Vulcan 1700 series motorcycles.

65. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., had a duty to warn the Plaintiff of the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycle engines.

66. Defendant Kawasaki Motors Manufacturing Corp., U.S.A., failed to warn the Plaintiff of the danger posed by the excessive heat given off by the Kawasaki Vulcan 1700 series motorcycle engines.

67. The Plaintiff was damaged as a direct result of Defendant Kawasaki Motors Manufacturing Corp., U.S.A.'s failure to warn of the Kawasaki Vulcan 1700 series motorcycle engines' excessive heat defect.

WHEREFORE, Plaintiff prays for judgment against Defendant Kawasaki Motors Manufacturing Corp., U.S.A., and for this honorable court to award the Plaintiff, on behalf of himself and those similarly situated, compensatory damages in excess of Five Million Dollars ($5,000,000.00), plus costs and fees, and such other and further relief as this honorable court deems just and proper.

Respectfully submitted,

**BECKER, PAULSON, HOERNER & THOMPSON, P.C.**

By: s/ *Alvin C. Paulson*
    Alvin C. Paulson
    No. 37188
    5111 West Main St.
    Belleville, IL 62226
    (618) 235-0020
    (618) 235-8558 Fax
    acp@bphlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on**, March 20, 2014,** I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Respectfully submitted,

s/ *Alvin C. Paulson*
Alvin C. Paulson
No. 37188
Becker, Paulson, Hoerner & Thompson, P.C.
5111 West Main St.
Belleville, IL 62226
(618) 235-0020
(618) 235-8558 Fax
acp@bphlaw.com